# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT J. OSBORNE, | |
| Plaintiff, | Case No. 2:07-cv-00922-LRH-GWF |
| vs. | **FINDINGS AND RECOMMENDATIONS** |
| DEPUTY DUESTCH, *et al.*, | |
| Defendants. | |

On October 11, 2007, the undersigned Magistrate Judge issued Order (#3), which granted Plaintiff's application to proceed *in forma pauperis*. However, the Court ordered that "if the Attorney General does not accept service of process for any named defendant(s), then plaintiff must file a motion identifying the unserved defendant(s), requesting issuance of summons for the unserved defendant(s), and specifying the full name(s) and address(es) of the unserved defendant(s)." *See Order (#3)*. On October 22, 2007, the Attorney General filed its Notice of Non-Acceptance of Service (#5) stating that it could not accept service on behalf of Defendants as Defendants are not Nevada State employees. *See Civil Docket (#5)*. The Attorney General further stated that Defendants appear to be Nye County employees. *Id.* Because Plaintiff's Complaint does not contain any allegations against any Nevada State employee, Plaintiff was to file a motion identifying the unserved Defendants, requesting issuance of summons for the unserved Defendants, specifying the full names and addresses of each unserved Defendant pursuant to Court Order (#3). To date, Plaintiff has failed to file a motion in accordance with Court Order (#3). Accordingly,

**IT IS HEREBY RECOMMENDED** that this action should be **dismissed** without prejudice based on Plaintiff's failure to file a motion identifying the unserved Defendants, requesting issuance of

summons for the unserved Defendants, specifying the full names and addresses of each unserved Defendant pursuant to Court Order (#3).

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 9th day of December, 2008.

_____
**GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE**